UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LUIGI GIROTTO,                                                          :
                              Plaintiff,                                :
                                                                        :       24-CV-8848 (JMF)
                     -v-                                                :
                                                                        :       ORDER OF DISMISSAL
MADISON JEWELERS NY, INC. et al.,                                       :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

      In this case, Plaintiff was on notice that failure to comply with the Court's default judgment scheduling Order could result in dismissal without further notice. On January 24, 2025, the Court issued an Order requiring Plaintiff to file a motion for default judgment no later

than February 7, 2025.  ECF No. 13.  The Court warned that "[i]f no motion for default judgment is filed by" that deadline, then "the case may be dismissed for failure to prosecute without further notice to the parties."  *Id.*  The Order also required Plaintiff to file proof of service no later than January 29, 2025.  To date, Plaintiff has filed neither his motion for default judgment nor any proof of service.

In light of Plaintiff's apparent unwillingness to comply with the Court's Order, dismissal of the case is warranted.  However, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 10, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

2